No. 05-570

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT185N

ALLISON CHAPMAN,

Plaintiff and Appellant,

v.

HERITAGE BANK,

Defendant and Respondent.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDV 2005-607,
Honorable Thomas M. McKittrick, Presiding Judge.

COUNSEL OF RECORD:

For Appellant:

Allison Chapman, *pro se*, Geraldine, Montana

For Respondent:

Ward E. Taleff, Taleff Law Office, Great Falls, Montana

Submitted on Briefs:  July 12, 2006

Decided:  August 8, 2006

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Prior to the filing of the Complaint in this case, Allison Chapman maintained an account with Heritage Bank, a financial institution with its principal offices in Great Falls.  In May of 2005, Chapman, acting *pro se*, filed suit against Heritage Bank in the District Court for the Eighth Judicial District, Cascade County.  Her Complaint alleged that Heritage Bank had stolen money from her account and, in doing so, had committed acts of fraud and intentional infliction of emotional distress.

¶3    Heritage Bank filed a counterclaim seeking $350.95 for the unpaid balance of Chapman's overdraft protection loan, as well as an award of attorney fees and costs.  Additionally, Heritage Bank filed the following: (1) a motion to dismiss for failure to present a short and plain statement of the claims; (2) a motion to dismiss for failure to plead fraud with particularity; (3) a motion to strike unfounded allegations; (4) a motion for judgment on the pleadings; (5) a motion for sanctions pursuant to Rule 11, M.R.Civ.P.; and (6) a motion for summary judgment on Chapman's claims as well as Heritage Bank's counterclaim.

¶4 The District Court entered an Order purporting to simultaneously grant each of these motions except the request for sanctions. Chapman now appeals the District Court's decision to grant summary judgment.

¶5 Initially, we note that it is legally impossible to grant summary judgment on Chapman's claims while simultaneously dismissing her claims on the grounds which Heritage Bank asserted. Summary judgment, being an adjudication on the merits of Chapman's claims, simply precluded dismissal for shortcomings in the pleadings. Setting this issue aside, we turn to Chapman's challenge to the court's decision to grant summary judgment.

¶6 It is manifest on the face of the briefs and the record before us that this appeal is without merit. Accordingly, we conclude that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶7 We are consistently willing to make accommodations for *pro se* litigants by relaxing the technical requirements which do not impact fundamental bases for appeal. However, appellants ultimately have the burden of establishing error by a district court. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26. Here, Chapman fails to establish any error because she does not specify any impropriety in the District Court's decision. Instead, Chapman presents arguments which she did not raise in the proceedings below. It is well established that this Court does not consider arguments raised for the first time on

3

appeal. *Andersen v. Monforton*, 2005 MT 310, ¶ 30, 329 Mont. 460, ¶ 30, 125 P.3d 614, ¶ 30.

¶8    Accordingly, we affirm the District Court's Order granting summary judgment.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE